BEFORE THE FIRST DIVISION, MARCH 12, 1953

No. 57134.—F. R. Tripler & Co., Inc. v. United States, protest 147913–K (New York).

OLIVER, Chief Judge: This case relates to merchandise, described on the invoice as "SNAKE BELT FITTINGS," which was classified under paragraph 1527 (c) (2) of the Tariff Act of 1930 as articles designed to be worn on apparel or carried on or about or attached to the person, and accordingly assessed with duty at rates equivalent to 110 per centum ad valorem. Plaintiff claims classification under paragraph 397, as modified by T. D. 51802, as articles in chief value of brass, plated with silver, but not in chief value of silver, and dutiable at the rate of 35 per centum ad valorem.

There is no dispute as to the facts which are stipulated. The merchandise in question is used on a belt composed of woven fabric (exhibit 1). The imported articles are metal fittings, consisting of a buckle with the hooks for fastening, and an adjustor to adapt the belt to the wearer. It is agreed that the belt, to which the imported fittings are attached, is "used in connection with bathing suits." It is further stipulated that the articles before us are in chief value of brass, plated with silver, but not in chief value of silver.

Plaintiff relies on the case of *Weyenberg Shoe Mfg. Co.* v. *United States*, 38 C. C. P. A. (Customs) 122, C. A. D. 448. In that case, the merchandise consisted of steel buckles that were used exclusively in the manufacture of military-type oxford shoes for officers and noncommissioned men in the armed forces of the United States and were also sold and used by civilians who desired this type of shoes. It was established by the record in the cited case that the buckles "are firmly attached to the shoes and together with a strap covering the instep portion of the shoe, fasten the shoe to the wearer's foot in the same manner as shoe laces, eyes, or latches are ordinarily used." The court held that such buckles are not "incidental articles of mere personal comfort, convenience, or adornment," of the kind or class that are contemplated by paragraph 1527, and, therefore, sustained the importer's claim for classification under paragraph 397 of the Tariff Act of 1930 as manufactures of steel, not specially provided for.

In this case, the sample is a potent witness. It appears therefrom that the fittings in question are essential parts of belts. One of the metal articles in question serves to adjust the belt for proper fitting to the wearer. The buckle, with the accompanying hooks, is the fastening device. The ornamental character of the buckle is subordinate to its utilitarian purpose on the belt.

The imported merchandise makes the belt a serviceable article. These fittings, as necessary attachments, are the means for holding and supporting the bathing suits with which they are used. Their purpose and method of use are not unlike the function of the buckles that fastened the shoe to the wearer's foot and which were involved in the *Weyenberg Shoe Mfg. Co.* case. There is no distinction to be made, for classification purposes, between the articles in question and those which were before the court in the cited case. Accordingly, we follow that case and hold that the articles in question are not within the class of merchandise contemplated by paragraph 1527 (c) (2), as classified.

Since it is agreed that the fittings involved herein are in chief value of brass, plated with silver, but not in chief value of silver, and not being specifically provided for, they are, therefore, classifiable under the provision for such merchandise in paragraph 397, as modified, *supra*, and dutiable at the rate of 35 per centum ad valorem, as claimed by plaintiff.

The protest is sustained and judgment will be rendered accordingly.